UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-61535-RAR

**MARIA RODRIGUEZ**,

    Plaintiff,

v.

**F.H. CANN & ASSOCIATES, INC.**,

    Defendant.
_____/

## ORDER STAYING CASE AND DIRECTING CLERK TO ADMINISTRATIVELY CLOSE CASE

**THIS CAUSE** is before the Court upon *sua sponte* review of the record. On December 10, 2021 the Court held a status conference in this matter to discuss the decision by the United States Court of Appeals for the Eleventh Circuit vacating the opinion in *Hunstein v. Preferred Collection & Management Services, Inc.*, No. 19-14434-HH (11th Cir. 2019). Both parties recognize that Article III standing in this matter is dependent on *Hunstein*. For the reasons stated below and, on the record, this matter is **STAYED**.

Given that the factual allegations and legal issues in this case and those on appeal in *Hunstein* are case dispositive due to their effect on standing, the Court finds that the interests of justice and judicial economy—including avoiding inconsistent results, the duplication of efforts, and the waste of judicial resources—will be promoted by staying this proceeding.

Several judges in the U.S. District Court for the Southern District of Florida have already stayed numerous identical matters pending the Eleventh Circuit's forthcoming decision. *See, e.g., Sardinas v. TRS Recovery Services, Inc.*, 2021 U.S. Dist. LEXIS 231069 (S.D. Fla. Dec. 3, 2021); *Zahriyeh v. F.H. Cann & Associates, Inc.*, No. 0:21-cv-61178 RKA (S.D. Fla. Nov. 23, 2021);

*Lalloo v. Cooling & Winter, LLC*, 2021 U.S. Dist. LEXIS 183400 (S.D. Fla. Sep. 23, 2021); *Luca v. United Collection Bureau, Inc.*, 2021 U.S. Dist. LEXIS 174555 (S.D. Fla. Sep. 13, 2021).

A district court has broad discretion to stay proceedings incident to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 683 (1997). However, "[w]hen a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay." *Ortega Trujillo v. Conover & Co. Commons, Inc.,* 221 F.3d 1262, 1264 (11th Cir. 2000). "A stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Landis v. North American Co.*, 299 U.S. 248, 257 (1936). The scope of a stay, including its potential duration, and the reasons for the stay are factors to be considered when a district court is determining whether to exercise its discretion to implement a stay of proceedings under its jurisdiction pending resolution of related proceedings elsewhere. *Ortega Trujillo*, 221 F.3d at 1264.

Mindful of the Eleventh Circuit's admonition that stays of an indefinite nature are "immoderate," *id*., the Court shall exercise the discretion at its disposal to fashion the instant stay such that its force will be spent within reasonable limits. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. All further proceedings in this action are hereby **STAYED** for a duration of **one (1) year** from the date of this Order or until the conclusion of the appeals process in *Hunstein v. Preferred Collection & Management Services, Inc.*, No. 19-14434-HH (11th Cir. 2019), whichever is sooner. **Sixty (60) days** prior to the expiration of such stay at the conclusion of one year, the parties shall file a joint status report regarding Appeal No. 19-14434 and submit memoranda as to their respective positions on whether any further stay should issue. At that point, the Court will

consider the parties' submissions and reassess the propriety of any further stay by written order. *Cf. Ortega Trujillo*, 221 F.3d at 1264 n.3 (holding a stay remaining in effect until the resolution of related proceedings indefinite in scope, despite the district court's requirement of status reports every three months, because the district court would not be guaranteed to reassess the propriety of the stay and could instead ignore the reports and leave the stay in effect).

2. The Clerk is **DIRECTED** to administratively **CLOSE** this case and any pending motions are **DENIED AS MOOT**.

3. Upon resolution by the Eleventh Circuit of the appeal in *Hunstein*, the Court shall lift the stay and order further briefing by the parties as necessary.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 10th day of December, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record